UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KISHNA BROWN,

        Plaintiff,                             Hon. Paul L. Maloney

v.                                               Case No. 1:23-cv-411

UNITED STATES
POSTAL SERVICE, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 16). Plaintiff initiated this action against the United States Postal Service and seven individuals it employed. In her complaint, Plaintiff alleges various incidents of discrimination. Defendant Amy Puhalski now moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff has failed to respond to Defendant's motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted.

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can take two forms: a facial attack or a factual attack. *See Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A facial attack merely challenges the

sufficiency of the allegations in the complaint whereas a factual attack is a challenge to the factual existence of subject matter jurisdiction. *See Ruza c. Consumer Financial Protection Bureau*, 2021 WL 1342459 at *2 (W.D. Mich., Mar. 18, 2021). Where a party asserts a factual attack to the Court's subject matter jurisdiction the Court may receive and weigh evidence to determine whether jurisdiction exists. *See Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., LTD.*, 807 F.3d 806, 810 (6th Cir., 2015).

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*.  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

## **ANALYSIS**

A.   EEOC

Plaintiff alleges that Defendant subjected her to unlawful discrimination. During the time period relevant to Plaintiff's claims, Defendant Puhalski was the President of Western Michigan Area Local 281, American Postal Worker Union (APWU) AFL-CIO.   (ECF No. 17-1, PageID.63).   Plaintiff does not identify the legal or statutory basis for her claims.   But, considering the nature of Plaintiff's claims as well as the fact

that Plaintiff initiated this matter in federal court, the Court interprets Plaintiff's claims as arising under Title VII of the Civil Rights Act of 1964.

The EEOC possesses "initial enforcement responsibility for employment discrimination claims brought under Title VII." *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). Thus, before filing suit in federal court, a plaintiff must first exhaust her administrative remedies before the EEOC. To properly exhaust her administrative remedies, Plaintiff was required to (1) timely file a charge of employment discrimination with the EEOC and (2) receive and timely act upon the EEOC's statutory notice of her right to sue. *Ibid.*

Plaintiff does not allege that she filed a claim with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter from the EEOC. Defendant Puhalski asserts in her affidavit that Plaintiff failed to properly exhaust her claims before the EEOC. (*Id.*). Because Plaintiff has failed to respond to the present motion, she has failed to present any evidence suggesting otherwise.

Plaintiff, as the party invoking federal jurisdiction, bears the burden to demonstrate that subject matter jurisdiction is proper in this Court. *See Global Technology*, 807 F.3d at 810. Defendant has presented unrefuted evidence that Plaintiff failed to properly exhaust her claims before the EEOC prior to initiating the present action in this Court. Accordingly, the Court finds that subject matter jurisdiction over Plaintiff's Title VII claims is not proper in this Court.

B.   NLRB

Plaintiff also alleges that she filed an unfair labor charge with the National Labor Relations Board (NLRB) against Defendant Puhalski and the APWU. Plaintiff's claim was subsequently dismissed by the NLRB. (ECF No. 17, PageID.66-71). To the extent Plaintiff's complaint is interpreted as also asserting an appeal of the NLRB's decision dismissing her complaint, the undersigned recommends that such be dismissed as jurisdiction is not proper in this Court. *See* 29 U.S.C. § 160(f) ("[a]ny person aggrieved by a final order of the [NLRB] granting or denying whole or in part the relief sought may obtain a review of such order in any United States court of appeals. . ."); *Saginaw Chippewa Indian Tribe of Michigan v. National Labor Relations Board*, 838 F.Supp.2d 598, 603 (E.D. Mich. 2011) (the National Labor Relations Act "establishes a judicial review process – but, significantly, confers jurisdiction on the court of appeals, not the district courts").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 16) be granted. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                     Respectfully submitted,

Date: July 31, 2023                          /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge