UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KISHNA BROWN,

       Plaintiff,                             Hon. Paul L. Maloney

v.                                           Case No. 1:23-cv-411

UNITED STATES
POSTAL SERVICE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion to dismiss or for summary judgment. (ECF No. 31). Plaintiff initiated this action against the United States Postal Service and seven individuals it employed. In her complaint, Plaintiff alleges various incidents of discrimination. Plaintiff's claims against Defendant Puhalski have already been dismissed. (ECF No. 29, 36). The remaining Defendants now move for relief. Plaintiff has failed to respond to Defendants' motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

-1-

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from

>> the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## **ANALYSIS**

Plaintiff alleges that Defendants subjected her to unlawful discrimination. Plaintiff does not identify the legal or statutory basis for her claims.  But, considering the nature of Plaintiff's claims, the fact that Plaintiff has sued the United States Postal Service and several of its employees, and the fact that Plaintiff initiated this matter in federal court, the Court interprets Plaintiff's claims as arising under Title VII of the Civil Rights Act of 1964.   Defendants argue that Plaintiff's claims must be dismissed because Plaintiff has failed to bring her action against the appropriate defendant.   The Court agrees.

Federal law expressly provides that if a civil action asserting a claim under Title VII is initiated by a federal employee, "the head of the department, agency, or unit, as appropriate, *shall* be the defendant."   42 U.S.C. § 2000e-16(c) (emphasis added). Accordingly, because "[o]nly employers may be held liable under Title VII," the only "proper defendant" in a Title VII action asserted by a federal employee is the "relevant

department head." *Tawfiq v. Dufresne*, 2022 WL 18285061 at *3 (E.D. Mich., Sept. 6, 2022) (citations omitted); *see also, Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002) (same). Thus, Plaintiff was required to assert her claims against the United States Postmaster General which she has failed to do. Thus, her claims must be dismissed. *See Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir. 1988) (in affirming the dismissal of a federal employee's Title VII claim for failure to name the proper defendant, the court observed that "[a]dherence to [§ 2000e-16(c)] is mandatory, and we are neither authorized nor inclined to ignore its mandate").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' motion to dismiss or for summary judgment (ECF No. 31) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                       Respectfully submitted,

Date: October 19, 2023                      /s/ Phillip J. Green
                                                       PHILLIP J. GREEN
                                                       United States Magistrate Judge