UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KISHNA BROWN, | ) | |
|                Plaintiff, | ) | |
| | ) | No. 1:23-cv-411 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| UNITED STATES POSTAL SERVICE, *et al.*, | ) | |
|                Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Kishna Brown alleges she was subject to both discrimination and harassment at her place of employment, the United States Postal Service. She filed her complaint without the assistance of counsel and has been granted leave to proceed without the prepayment of the filing fee.

The Court referred the lawsuit to the Magistrate Judge. Defendant Amy Puhalski filed a motion to dismiss. The Magistrate Judge issued a report recommending the Court grant the motion. Plaintiff sought and was granted an extension of time to respond. Plaintiff, however, did not file any response. The Court adopted the report and recommendation, granted Defendant Puhalski's motion, and dismissed Defendant Puhalski.

The remaining Defendants filed a motion to dismiss (ECF No. 31). Plaintiff did not file any response. The Magistrate Judge issued a second report again recommending that the Court grant the motion to dismiss (ECF No. 37). Plaintiff filed objections (ECF No. 38).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge concludes that Plaintiff did not name the correct defendant. Title VII requires employees of the United States Postal Service to sue (name as the defendant) the head of the United States Postal Service. *See* 42 U.S.C. § 2000e-16(c); *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002); *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988). Plaintiff should have sued Postmaster General Louis DeJoy. *See, e.g., Harris v. Postmaster Gen. of the United States*, No. 21-1589, 2022 WL 336999, at *1 n.1 (3d Cir. Feb. 4, 2022); *Gaston v. U.S. Postal Serv.*, 318 F. App'x 155, 156 n.1 (3d Cir. 2009).

Plaintiff does not object to this conclusion. Instead, Plaintiff outlines and summarizes the discrimination and harassment she suffered. She also attaches letters from third parties attesting to the discrimination and harassment. The objection does not address the problem identified by the Magistrate Judge. Accordingly, the Court must adopt the report and recommendation and must grant the motion to dismiss.

The Court **ADOPTS** the Report and Recommendation (ECF No. 37).  The Court **GRANTS** Defendants' motion to dismiss (ECF No. 31).  The Court agrees with the Magistrate Judge's recommendation that any appeal would be frivolous and would not be taken in good faith.  **IT IS SO ORDERED.**

Date:     November 8, 2023                                              /s/  Paul L. Maloney
                                                                                                     Paul L. Maloney
                                                                                              United States District Judge